UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVATH DIPRASEUTH,<br><br>                                  Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et. al,<br><br>                                  Respondents. | Case No.: 25-CV-3471 JLS (BJW)<br><br>**ORDER (1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 2) |

      Presently before the Court is Petitioner Savath Dipraseuth's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("TRO Mot.," ECF No. 2). Also before the Court is Respondents Kristi Noem's (Secretary of the U.S. Department of Homeland Security), Pamela Bondi's (Attorney General of the United States), Todd Lyons's (Acting Director of Immigration Customs Enforcement), Jesus Rocha's (Acting Field Director, San Diego Field Office), and Christopher LaRose's (Senior Warden of Otay Mesa Detention Center) (collectively, "Respondents") Return in Opposition to Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order ("Ret.," ECF No. 9), and Petitioner's Traverse ("Traverse," ECF No. 10). *See generally* Docket. For the reasons set forth below,

the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2).

## BACKGROUND

Petitioner, a native and citizen of Laos, has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 7, 2025. Pet. at 1. In 1978, Petitioner fled Loas and soon after obtained a green card. *Id.* at 2. In 2009, Petitioner was placed in removal proceedings as a result of several criminal convictions. *Id.* On January 13, 2010, an Immigration Judge ordered him removed. *Id.* ICE was unable to remove Petitioner because Laos would not accept him; thus, ICE released him from detention on an order of supervision. *Id.* at 1–2. Petitioner has since attended all check-in appointments, works repairing air conditioners, and cares for his 93-year-old mother. *Id.* at 2; ECF No. 1 Ex. A ("Dipraseuth Decl."). Petitioner remained on supervision for fifteen years until he was re-detained by ICE officials during a check-in appointment, without providing him any notice, an interview, or an opportunity to contest his detention. *Id.* at 3. Petitioner claims that he is detained in violation of "his statutory and regulatory rights, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Fifth Amendment." *Id.* at 1.

Respondents state that on October 7, 2025, ICE re-detained Petitioner, determining he could be removed "based on a review of [his] official alien file and a determination that there [were] changed circumstances in [his] case." Ret. at 2; ECF No. 9-2 Ex. 3. Petitioner was provided a Notice of Revocation of Release, but not an informal interview. *Id.* Respondents submit that ICE secured a travel document for Petitioner's removal to Loas and intended to execute the order of removal, which the Court enjoined ICE from doing until it had resolved this Petition. *Id.* at 2; *see* ECF No. 6. Respondents further submit that ICE is not seeking removal to a third country and intends to effectuate his removal to Laos. Ret. at 2.

/ / /

/ / /

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for ninety days (90) pending the government's efforts to secure their removal. *See* 28 U.S.C. § 1231(a)(1). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably

foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release, including an order of supervised release. *Id.* at 700.

Once ICE releases a non-citizen on supervised release, "ICE's ability to re-detain that noncitizen is constrained by its own regulations." *Nouri v. Herrera*, SA CV 25-1905-JFW(DBT), 2025 U.S. Dist. LEXIS 171809, at *11 (C.D. Cal. Sept. 3, 2025) (internal citation omitted). ICE may re-detain a non-citizen released on an OSUP "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE may also re-detain if the non-citizen "violates any of the conditions of release." § 241.13(i)(1). If ICE chooses to re-detain, the non-citizen must "be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after [his] return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." § 241.13(i)(3). The non-citizen may "submit any evidence or information that [he] believes shows there is no significant likelihood [he may] be removed in the reasonably foreseeable future, or that [he] has not violated the order of supervision." *Id.*

Here, Petitioner was ordered removed in 2010. Pet. at 2. Six months after his order of removal, Petitioner was released on an order of supervision, presumably, because removal was not foreseeable at that time. *Id.* at 1 (In 2010, "Laos wouldn't accept [Petitioner]."); *see Zadvydas*, 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Petitioner was re-detained by ICE agents at his annual ICE check-in on October 7, 2025. *Id.* at 3. Petitioner was not provided sufficient notice of the reasons for his revocation at the time of his re-detention. *Id.*; Traverse at 1. The Notice of Revocation merely states that this revocation was "based on a review of [Petitioner's] official alien file and a determination that there [were] changed circumstances in [his] case." ECF No. 9-2 Ex. 3; Traverse at 1. This plain statement is insufficient to provide notice. *See, e.g.*, *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 ("Petitioner cannot be

1  expected to 'respond to the reasons for revocation stated in the notification' when the
2  [n]otice does not actually state any reasons for revocation."); *Xayakesone v. Noem*, No. 25-
3  cv-2995-JES-BJW, 2025 WL 3229102, at *4 (S.D. Cal. Nov. 19, 2025) (finding notice
4  insufficient when it stated that the "decision has been made based on a review of your
5  official alien file and a determination that there are changed circumstances in your case");
6  *Rokhifirooz v. Larose*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal.
7  Sept. 15, 2025) (same); *see also Tran v. Noem*, No. 25-cv-2391 BTM (BLM), 2025 WL
8  3005347, at *2 (S.D. Cal. Oct. 27, 2025) (holding that "notice must be in writing and
9  contain all the reasons for the revocation of the alien's release").

10      Respondents also failed to provide Petitioner with an interview. Ret. at 5.
11 "Government agencies are required to follow their own regulations." *Hoac v. Becerra*, No.
12 25-cv-1740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (citing *United*
13 *States ex rel. Accardi v. Shaughnessy*, 347 US. 260, 268 (1954)) (finding a likelihood of
14 success where petitioner was not provided an informal interview). "[W]hen ICE fails to
15 follow its own regulations in revoking release, the detention is unlawful, and the
16 petitioner's release must be ordered." *Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025
17 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases). The Court finds that, in
18 violation of ICE's regulations, the revocation of Petitioner's supervised release without
19 sufficient notice or an interview justifies **GRANTING** the Petition. *See, e.g., Hoac*, 2025
20 WL 1993771, at *4 (granting a TRO where ICE failed to follow § 241.13(i)(3) procedures);
21 *Phakeokoth v. Noem*, No. 25-cv-2817 RBM (SBC), 2025 WL 3124341, at *6 (S.D. Cal.
22 Nov. 7, 2025) (same); *Nouri*, 2025 U.S. Dist. LEXIS 171809, at *11 (same); *Tran*, 2025
23 WL 3005347, at *4 (granting a habeas petition on the same grounds); *Truong*, 2025 WL
24 2988357, at *6 (same); *Nguyen v. Noem*, No. 25-cv-2792 LL (VET), 2025 WL 3101979,
25 at *3 (S.D. Cal. Nov. 6, 2025) (same).

26      Additionally, even if the procedural requirements were met, the Court is not
27 persuaded that Respondents have shown a change in circumstances such that there is now
28 a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

Petitioner has been subject to a final order of removal since 2010, and in the years since, there has been no progress on securing his removal. Pet. at 1–3. The first time Petitioner was detained, he was released because his removal was not reasonably foreseeable, and Respondents present no persuasive evidence that this has changed. Respondents attempt to argue that circumstances were changed because "ICE had been routinely obtaining travel documents for Laotian citizens and effectuating removal flights to Laos." Ret. at 5. However, courts in this Circuit have routinely rejected this argument, concluding that because there is "no evidence regarding the percentage of successful requests to" a particular country, the fact that others have been removed to a country alone cannot constitute changed circumstances in an individual Petitioner's case. *See, e.g.*, Hoac, 2025 WL 1993771, at *4; *Phouvieng K. v. Andrews*, No. 25-cv-1512-KES-SAB (HC), 2025 WL 3265504 at 6–7 (S.D. Cal. Nov. 24, 2025) (rejecting respondents' argument that "ICE has successfully removed aliens with final orders of removal to Laos"); *Phan v. Warden of Otay Mesa Detention Facility*, No. 25-cv-2369 AJB (BLM), 2025 WL 3141205, at *5 (S.D. Cal. Nov. 10, 2025) (finding no significant likelihood of removal in the reasonably foreseeable future based on the respondents' reliance on the removal of other individuals to Vietnam).

Therefore, because Respondents have failed to follow their own regulations in re-detaining Petitioner and have failed to demonstrate that his removal is reasonably foreseeable, the Court **GRANTS** the Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting Order of Supervision. The Court **ORDERS** that Respondents cannot re-detain Petitioner without following the procedures set out in 8 C.F.R. § 241.13(i) and other implementing regulations. The Parties are **ORDERED** to file a Joint Status Report by January 2, 2025, confirming that Petitioner has

1   been released.  The Court **DENIES AS MOOT** Petitioner's Motion for a Temporary
2   Restraining Order (ECF No. 2).  The Clerk of Court **SHALL CLOSE** the case.
3     **IT IS SO ORDERED.**
4   Dated:  December 18, 2025

*[signature]*
Hon. Janis L. Sammartino
United States District Judge